UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Benjamin Mann,

                       Plaintiff,              **MEMORANDUM & ORDER**
                                                                                 22-CV-04740 (DG) (SIL)

       -against-

Camp Fatima, Inc.; Roman Catholic Bishop of
Manchester, Corporation Sole, *Trustee of the
Diocese of Manchester Central Fund Trust*; and
Peter Anthony Libasci, *Bishop of the Roman
Catholic Diocese of Manchester*,

                       Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      On July 21, 2023, Defendants filed a Motion to Dismiss the Second Amended Complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 38.[1] On November 8, 2023, Magistrate Judge Steven I. Locke issued a Report and Recommendation ("R&R") recommending that Defendants' Motion to Dismiss pursuant to Rule 12(b)(2) be granted and that *pro se* Plaintiff's Second Amended Complaint, ECF No. 25, be dismissed without prejudice and with leave to refile in another jurisdiction if appropriate. *See* R&R at 2, 18-19, ECF No. 42.[2] Although Plaintiff had not requested leave to further amend, Judge Locke considered whether Plaintiff should be granted leave to further amend; determined that further amendment would be futile; and, accordingly, did not recommend that Plaintiff be granted leave to further amend the Second Amended Complaint. *See* R&R at 17-18.[3]

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

[2] The Second Amended Complaint commences on page three of ECF No. 25.

[3] Having recommended that Plaintiff's claims be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction, Judge Locke did not consider Defendants' Motion pursuant to Rule

On December 4, 2023, Plaintiff filed objections to the R&R. *See* Plaintiff's Objections to R&R ("Pl.'s Obj. Br."), ECF No. 47.[4] In his objections briefing, Plaintiff argues that the Court should make certain specific determinations and "should find that Defendants are subject to specific and/or general personal jurisdiction under CPLR § 302(a)(1), CPLR § 302(a)(3), and/or CPLR § 301;" should deny Defendants' Motion to Dismiss pursuant to Rule 12(b)(2); and – in the alternative – should grant Plaintiff leave to amend his complaint "one final time to clearly articulate facts to establish general personal jurisdiction." *See generally* Pl.'s Obj. Br.

Defendants did not file any objections to the R&R but did file a response to Plaintiff's objections in which Defendants argue that Plaintiff's objections "fail[] to provide any basis for overruling Magistrate Judge Locke's well-reasoned Recommendation;" that the R&R correctly concluded that the Court does not have personal jurisdiction over Defendants under either NY CPLR § 302(a)(1) or NY CPLR § 302(a)(3); and that the Court should not grant Plaintiff leave to amend the complaint for the third time to allege general jurisdiction under NY CPLR § 301. *See generally* Defendants' Response to Objection to R&R, ECF No. 48.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de

---

12(b)(6). *See* R&R at 2, 17, 19.

[4] Although Plaintiff notes that the Second Amended Complaint and Plaintiff's objections were prepared with help from the City Bar Justice Center's Federal Pro Se Legal Assistance Project, *see* ECF No. 25 at 3 n.1; Pl.'s Obj. Br. at 1 n.1, because Plaintiff is proceeding *pro se* in this action, the Court nevertheless liberally construes his filings. *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007).

novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022).  To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

In light of Plaintiff's objections to the R&R, the Court reviews the R&R *de novo*.  A review of the R&R, the record, and the applicable law reveals that Judge Locke properly concluded that Defendants' Motion to Dismiss pursuant to Rule 12(b)(2) should be granted and that Plaintiff's Second Amended Complaint should be dismissed without prejudice and without leave to further amend.  The Court therefore adopts the R&R.

Defendants' Motion to Dismiss, ECF No. 38, is GRANTED and Plaintiff's Second Amended Complaint, ECF No. 25, is DISMISSED without prejudice and without leave to amend.  The Clerk of Court is directed to enter judgment accordingly and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of

an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      SO ORDERED.

                                              */s/ Diane Gujarati*
                                              DIANE GUJARATI
                                              United States District Judge

Dated:  February 12, 2024
         Brooklyn, New York